## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JENNIFER LYNN MULLIGAN,

     Plaintiff,

                        Case No.

-vs-

EQUIFAX INFORMATION
SERVICES LLC and TRANS UNION
LLC,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JENNIFER LYNN MULLIGAN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and TRANS UNION LLC (hereinafter "Trans Union"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Pasco County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its

registered agent, Corporation Service Company, located 1201 Hays Street, Tallahassee, Florida 32301.

14.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

16.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

17.    In or about September 2023, Plaintiff began the home buying process.

18.    On or about September 6, 2023, Plaintiff applied for a loan from lender, FBC Mortgage, LLC, and as part of the application process, FBC Mortgage, LLC obtained a copy of Plaintiff's credit report. Following a review of her credit file, Plaintiff received a loan pre-approval for an unexpectedly high interest rate of over 11% and down payment requirement of at least 25%.

19.    With such unfavorable loan terms, Plaintiff decided to explore rental options.

20.    On or about September 24, 2023, Plaintiff submitted an application to Evernest to rent an apartment. However, to her surprise, Plaintiff's application was denied after review of her credit file.

21.    On or about October 2, 2023, Plaintiff submitted an application to The Grande to rent an apartment. However, again to her surprise, Plaintiff's application was denied after review of her credit file.

22.    On or about October 16, 2023, Plaintiff obtained copies of her credit reports from Equifax and Trans Union. Upon review, Plaintiff became aware of ten (10) accounts appearing on her credit file which did not belong to her:

| **Furnisher** | **CRA** | **Account** | **Type** | **Status** |
|---|---|---|---|---|
| Barclays Bank Delaware | Equifax, Trans Union | x3041 | Credit Card | Pays as Agreed, Balance $495 |
| Best Buy/CBNA | Equifax, Trans Union | x0321 | Credit Card | Closed/Never Late |
| Best Buy/CBNA | Equifax, Trans Union | x6515 | Charge Account | Closed/Never Late |
| Nissan/Infiniti Motor Acceptance Corp. | Equifax, Trans Union | x0001 | Auto Loan | Closed/Never Late |
| Planet Home Lending | Equifax, Trans Union | x1682 | Mortgage | Closed/Never Late |
| Loancare Servicing Center | Equifax, Trans Union | x6227 | Mortgage | Transfer or Sold/ Never Late |
| Pennymac Loan Services LLC | Equifax, Trans Union | x1138 | Mortgage | Closed/Never Late |
| DHI Mortgage | Equifax, Trans Union | x0319 | Mortgage | Transfer or Sold/ Never Late |
| Roundpoint Mortgage Servicing | Equifax, Trans Union | x1949 | Mortgage | Closed/Never Late |

| Cenlar Federal Savings Bank | Equifax, Trans Union | x8230 | Mortgage | Transfer or Sold |
|---|---|---|---|---|

23.     In response to the inaccurate reporting, on or about October 21, 2023, Plaintiff mailed detailed written dispute letters to Equifax and Trans Union. In the dispute letter, Plaintiff advised that she believed she was a victim of a mixed file due to the erroneous accounts appearing on her credit report. To confirm her identity, images of her driver's license and Social Security card were included in the letter. Further, Plaintiff included images of the erroneous credit reporting and other supporting documents.

24.     Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1324 4314 85) and Trans Union (9589 0710 5270 1324 4314 78).

25.     On or about November 22, 2023, Plaintiff received dispute results from Equifax which stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
|---|---|---|
| Barclays Bank Delaware | x3041 | Verified as accurate |
| Best Buy/CBNA | x0321 | Verified as accurate |
| Best Buy/CBNA | x6515 | Deleted |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Verified as accurate |
| Planet Home Lending | x1682 | Verified as accurate |
| Loancare Servicing Center | x6227 | Verified as accurate |
| Pennymac Loan Services LLC | x1138 | Verified as accurate, updated |
| Roundpoint Mortgage Servicing | x1949 | Deleted |

| DHI Mortgage | x0319 | Verified as accurate |
| Cenlar Federal Savings Bank | x8230 | Verified as accurate |

26.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

27.   Equifax never attempted to contact Plaintiff during the alleged investigation.

28.   Despite confirmation of delivery on October 31, 2023, Plaintiff did not receive dispute results in the mail from Trans Union. However, upon review of her updated Trans Union credit report on December 20, 2023, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
| --- | --- | --- |
| Barclays Bank Delaware | x3041 | Still reported; No FCRA Comments |
| Best Buy/CBNA | x0321 | Still reported; No FCRA Comments |
| Best Buy/CBNA | x6515 | Removed |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Completed investigation of FCRA dispute |
| Planet Home Lending | x1682 | Still reported; No FCRA Comments |
| Loancare Servicing Center | x6227 | Completed investigation of FCRA dispute |
| Pennymac Loan Services LLC | x1138 | Still reported; No FCRA Comments |
| Roundpoint Mortgage Servicing | x1949 | Still reported; No FCRA Comments |
| DHI Mortgage | x0319 | Still reported; No FCRA Comments |
| Cenlar Federal Savings Bank | x8230 | Still reported; No FCRA Comments |

29.   Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

30.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

31.     On or about December 4, 2023, Plaintiff resent her detailed dispute letter to Equifax due to the continued inaccurate reporting and USPS tracking did not have confirmation of delivery/pick up.

32.     Plaintiff's detailed dispute letter was sent to Equifax via USPS Certified Mail, tracking number 7022 3330 0002 0259 6585.

33.     On or about December 30, 2023, Equifax responded to Plaintiff's detailed written dispute letter and stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Barclays Bank Delaware | x3041 | *Investigated Incorrect Account No. x0175* |
| Best Buy/CBNA | x0321 | Verified as Accurate |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Verified as Accurate, Updated |
| Planet Home Lending | x1682 | Verified as Accurate |
| Loancare Servicing Center | x6227 | Verified as Accurate, Updated |
| Pennymac Loan Services LLC | x1138 | Verified as Accurate, Updated |
| DHI Mortgage | x0319 | Verified as Accurate, Updated |
| Cenlar Federal Savings Bank | x8230 | Verified as Accurate, Updated |

34.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

35.     Equifax never attempted to contact Plaintiff during the alleged investigation.

36.     In response to the continued inaccurate reporting, on or about January 2, 2024, Plaintiff again mailed detailed written dispute letters to Equifax and Trans Union. In the dispute letter, Plaintiff reiterated that she believed she was a victim of a mixed file due to the erroneous accounts appearing on her credit report. To confirm her identity, images of her driver's license and Social Security card were included in the letter. Further, Plaintiff included images of the erroneous credit reporting and other supporting documents.

37.     Plaintiff mailed her detailed written dispute letter via USPS Certified Mail to Equifax and Trans Union (7022 3330 0001 4088 4782).

38.     Despite confirmation of delivery on January 6, 2024, Plaintiff did not receive dispute results in the mail from Trans Union. However, upon review of her updated Trans Union credit report on January 22, 2024, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Comments** |
| --- | --- | --- |
| Barclays Bank Delaware | x3041 | Account information disputed by consumer (FCRA) |
| Best Buy/CBNA | x0321 | No FCRA Comments |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Completed investigation of FCRA dispute – consumer disagreed |
| Planet Home Lending | x1682 | No FCRA Comments |
| Loancare Servicing Center | x6227 | Completed investigation of FCRA dispute – consumer disagreed |
| Pennymac Loan Services LLC | x1138 | No FCRA Comments |
| DHI Mortgage | x0319 | No FCRA Comments |
| Roundpoint Mortgage Servicing | x1949 | No FCRA Comments |

| Cenlar Federal Savings Bank | x8230 | No FCRA Comments |
|---|---|---|

39.  Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

40.  Trans Union never attempted to contact Plaintiff during the alleged investigation.

41.  Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of her updated Equifax credit report on January 22, 2024, Plaintiff observed the following as to the disputed accounts.

| **Furnisher** | **Account** | **Dispute Results** |
|---|---|---|
| Barclays Bank Delaware | x3041 | Removed |
| Best Buy/CBNA | x0321 | Consumer disputes – reinvestigation in progress |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Consumer disputes – reinvestigation in progress |
| Planet Home Lending | x1682 | Consumer disputes – reinvestigation in progress |
| Loancare Servicing Center | x6227 | Consumer disputes – reinvestigation in progress; Consumer disputes – after resolution |
| Pennymac Loan Services LLC | x1138 | Consumer disputes – reinvestigation in progress |
| DHI Mortgage | x0319 | Consumer disputes – reinvestigation in progress |
| Cenlar Federal Savings Bank | x8230 | Consumer disputes – reinvestigation in progress |

42.  Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers.

43.  Equifax never attempted to contact Plaintiff during the alleged investigation.

44.     On or about February 20, 2024, Plaintiff obtained a copy of her Trans Union credit report. Upon review, Plaintiff observed erroneous accounts were still appearing on her credit file which did not belong to her:

| **Furnisher** | **Account** | **Status** |
|---|---|---|
| Barclays Bank Delaware | x3041 | Pays as Agreed, Balance $387 |
| Best Buy/CBNA | x0321 | Closed/Never Late |
| Nissan/Infiniti Motor Acceptance Corp. | x0001 | Closed/Never Late<br><br>Remark: Completed investigation of FCRA dispute – consumer disagreed |
| Planet Home Lending | x1682 | Closed/Never Late |
| Loancare Servicing Center | x6227 | Transferred/Never Late<br><br>Remark: Completed investigation of FCRA dispute – consumer disagreed |
| Pennymac Loan Services LLC | x1138 | Closed/Never Late |
| DHI Mortgage | x0319 | Sold/Never Late |
| Cenlar Federal Savings Bank | x8230 | Transferred/Never Late |

45.     Despite providing Defendants with all the relevant information needed to prove she was a victim of a mixed file, Defendants continued to report inaccurate and erroneous accounts. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint. Plaintiff has postponed purchasing a house due to Defendants' actions and inactions.

46.     Defendants have never attempted to contact Plaintiff about any of her multiple disputes, and she continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation.

47.     As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

   iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

   iv.    Loss of the ability to benefit from lower interest rates;

    v.    Denials for housing applications;

   vi.    Apprehensiveness to apply for new credit and housing due to the fear of rejection; and

  vii.    Defamation as Defendants published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

48.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

49.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.  Equifax is aware of the different personal identifying information being provided by the furnishers, yet it continues to report the wrong tradelines for Plaintiff.

50.     Equifax allowed for numerous Furnishers to report inaccurate information on an account.

51.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

52.     Equifax selects to just parrot the information provided by the Furnishers and to avoid conducting re-investigations.

53.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

54.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

55.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

56.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT II
**Violations of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Willful)**

57.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

58.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.  Equifax is aware of the different personal identifying information being

14

provided by the furnishers, yet it continues to report the wrong tradelines for Plaintiff.

59.     Equifax allowed for numerous Furnishers to report inaccurate information on an account.

60.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

61.     Equifax selects to just parrot the information provided by the Furnishers and to avoid conducting re-investigations.

62.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

63.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

66.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

67.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

68.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

69.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file. Equifax ignored this information and failed to respond to Plaintiff's disputes.

70.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

73.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

74.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

75.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

76.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of a mixed file. Equifax ignored this information and failed to respond to Plaintiff's disputes.

77.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

78.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

80.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

81.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.  Trans Union is aware of the different personal identifying information being provided by the furnishers, yet it continues to report the wrong tradelines for Plaintiff.

82.     Trans Union allowed for numerous Furnishers to report inaccurate information on an account.

83.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

84.     Trans Union selects to just parrot the information provided by the Furnishers and to avoid conducting re-investigations.

85.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

86.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

88.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

89.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

90.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.  Trans Union is aware of the different personal identifying information

21

being provided by the furnishers, yet it continues to report the wrong tradelines for Plaintiff.

91.    Trans Union allowed for numerous Furnishers to report inaccurate information on an account.

92.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

93.    Trans Union selects to just parrot the information provided by the Furnishers and to avoid conducting re-investigations.

94.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

95.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

97.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

98.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

99.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

100.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

101.  Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

102.  As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

103.  The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

104.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT VIII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

105.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-seven (47) above as if fully stated herein.

106.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

107.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

108.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of a mixed file. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

109.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; denials for housing; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

110.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

111.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JENNIFER LYNN MULLIGAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of April 2024.

Respectfully Submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*